614 A.2d 218

Cleveland GUINN, Appellee,

v.

ALBURTIS FIRE COMPANY, Appellant,

and

Joseph Thomas McGee, Jr.

Appeal of ALBURTIS FIRE COMPANY.

Supreme Court of Pennsylvania.

Argued April 7, 1992.

Decided Sept. 16, 1992.

Larry D. Jackson, Philadelphia, for appellant.

Dennis P. Ortwein, Easton, for Guinn.

Robert F. Fortin, Allentown, for McGee.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The issue before this Court is whether Appellant, a volunteer fire company, is entitled to governmental immunity under 42 Pa.C.S. § 8541 even when it is not engaged in fire-fighting activity.[1]  For the reasons that follow, we find that Appellant is entitled to immunity under Section 8541 even when it is not engaged in fire-fighting activities.

On August 23, 1986, Appellee was served alcohol at the Alburtis Fire Company by employees of the fire company notwithstanding the fact that Appellee was visibly intoxicated at the time.  Thereafter, Appellee left the premises of the fire company and began walking home, at which time he was injured when he was struck by a motor vehicle driven by Joseph McGee.

---

**1.** Appellee has not questioned Appellant's status as a volunteer fire company, therefore, that issue is not before this Court.  We wish to point out, however, that the decision announced herein applies only to volunteer fire companies that have been created pursuant to relevant law and that are officially accorded the status of a volunteer fire company by the political subdivision which they serve.

Appellee commenced a personal injury action against Joseph Thomas McGee, Jr. and Muriel McGee in the Court of Common Pleas of Lehigh County. The McGees joined Appellant as an additional defendant. Appellant filed preliminary objections in the nature of a demurrer asserting that it was a local agency entitled to immunity pursuant to Section 8541. The trial court sustained Appellant's preliminary objections and Appellant was dismissed from the case. On appeal, the Commonwealth Court held that material issues of fact exist which are determinative of whether Appellant is entitled to immunity and, accordingly, reversed the trial court's order dismissing the cause of action as to Appellant. Thereafter, we granted allocatur.

In the instant case, Appellee concedes that a volunteer fire company is a local agency entitled to immunity under Section 8541, but maintains that this immunity exists only when the volunteer fire company is acting within the scope of its firefighting duties.[2] *Guinn v. Alburtis Fire Company*, 134 Pa. Commw. 270, 577 A.2d 971 (1990). We disagree for the reasons stated below.

■ Resolution of the issue presented in the case *sub judice* requires us to construe Section 8541. When construing statutory provisions, this court is guided by the Statutory Construction Act of 1972. 1 Pa.C.S. § 1501 *et seq.* "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). *See also Frontini v. Pennsylvania Department of Transportation*, 527 Pa. 448, 451, 593 A.2d 410, 411–12 (1991).

■ The best indication of legislative intent regarding the scope of Section 8541 is the plain language of the statute.

2. A "local agency" is defined as a "government unit other than the Commonwealth government." 42 Pa.C.S. § 8501. A "government unit" includes any government agency. 42 Pa.C.S. § 102. A "government agency" includes any political subdivision, or any officer or agency of any such political subdivision. 42 Pa.C.S. § 102. Therefore, a volunteer fire company created pursuant to relevant law and legally recognized as the official fire company for a political subdivision is a local agency.

Section 8541 provides, in relevant part, as follows: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof. . . ." 42 Pa.C.S. § 8541.[3]

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). *See also Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 255, 501 A.2d 1110, 1114 (1985). The language of Section 8541 is clear and unambiguous. Section 8541 provides that a local agency is entitled to governmental immunity; it does not provide that a local agency is entitled to governmental immunity only when acting within the scope of its duties.[4]

Thus, no matter how attractive Appellee's position is, we are constrained to conclude that volunteer fire companies are entitled to governmental immunity under Section 8541 even when they are not engaged in fire-fighting activities. Therefore, in the instant case, Appellant is entitled to governmental immunity pursuant to Section 8541.

Accordingly, we reverse the decision of the Commonwealth Court and reinstate the trial court's order dismissing the cause of action as to Appellant.

LARSEN, J., did not participate in the consideration or decision of this case.

3. Section 8542 sets forth exceptions to the grant of governmental immunity conferred by Section 8541, none of which apply to the instant case. 42 Pa.C.S. § 8542.

4. In *Ayala v. Philadelphia Board of Public Education,* this Court expressly overruled the judicially created doctrine of governmental immunity and the granting of that immunity based on the "distinction between tortious conduct arising out of the exercise of a proprietary function and tortious conduct arising out of [the] exercise of a governmental function." *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 592, 305 A.2d 877, 881 (1973). When the legislature enacted Section 8541 it chose not to make the granting of governmental immunity dependent on the proprietary/governmental distinction and we decline to do so. It is not within the province of this Court to second guess the legislature and to add words to a statute where the legislature has failed to supply them. *Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329 (1950).

504

McDERMOTT, J., did not participate in the decision of this case.