618 A.2d 1143

Kristen Lynn MILLER, a minor by Charles MILLER and Linda Miller, her Parents and Natural Guardians, and Charles Miller and Linda Miller individually and in their own right, Appellants,

v.

ELDERTON DISTRICT VOLUNTEER FIRE COMPANY, a/k/a Elderton District Fire Department; David Martin; Jennifer Martin, Jack L. Shriver and Susan Shriver, individually and t/d/b/a Our Amusements, Inc., Michael David Rossi; and Anthony Belcher

v.

Charles MILLER and Linda Miller.

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Dec. 7, 1992.

David J. Lozier, for appellants.

Scott E. Becker and Robert A. Weinheimer, for appellees.

Before COLINS and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Kristen Miller by and with her parents Charles and Linda Miller appeal a common pleas court order sustaining preliminary objections and dismissing their complaint against the Elderton District Volunteer Fire Company.

Miller and her parents attended a fund raising carnival hosted by the fire company on its grounds. Games, rides, concessions and the like were provided by Our Amusements, Inc., which had contracted with the fire company; according to the agreement, security was the responsibility of the fire company. The Millers' complaint alleged an employee of a sub-contractor to Our Amusements physically and sexually assaulted Kristen Miller on the fire company's grounds.

The complaint named the fire company, Our Amusements, Inc., a sub-contractor and the employee of that sub-contractor as defendants. The complaint alleged, *inter alia*, that the negligence of the fire company was the direct and proximate cause of the injuries suffered by Kristen Miller. The complaint also alleged

> The Defendant, Elderton District Volunteer Fire Company, was not acting as a local agency, was acting outside the scope of its fire fighting functions and was involved in fund raising activities at all times material hereto.

. . . .

The Defendant, Elderton District Volunteer Fire Company, failed to provide adequate security protection during the carnival in question, and as a result, the Minor–Plaintiff, Kristen Miller, suffered the injuries and damages hereinabove and hereinafter more particularly set forth.

(Complaint, paragraphs 23 and 24).

The defendant fire company filed preliminary objections asserting governmental immunity and demurred on the ground that no cause of action existed which established a duty on the fire company's part to protect Miller from the injuries she suffered.

In sustaining the preliminary objections, the common pleas court held that, because the fire company was at the time of the alleged injuries engaged in fund-raising, which is a traditional volunteer fire company function, it was entitled to governmental immunity, unless statutorily waived by virtue of Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542. The court based its ruling on our decision in *Guinn v. Alburtis Volunteer Fire Company*, 134 Pa.Commonwealth Ct. 270, 577 A.2d 971 (1990) and determined that the real property exception to governmental immunity [1] did not apply.

The Millers appealed the common pleas court decision to this court, contending that the fire company was acting outside the scope of its duties as a local agency and therefore not entitled to immunity. The fire company countered that its sponsorship of a carnival fund-raiser was consistent with its traditional, governmental duties and, therefore, immunity was properly conferred upon it in this instance.

In our *Guinn* decision, resolution of the immunity question turned on whether the functions of the volunteer fire company were within its public fire-fighting duties. *Id.* at 273, 577 A.2d 971. However, subsequent to the filing of the Miller's appeal and briefing on the question of whether our *Guinn* decision was properly applied in this case, our Supreme Court handed down *its* decision in *Guinn v. Alburtis Fire Company*, 531 Pa. 500, 614 A.2d 218 (1992). There, the court construed Section

1. 42 Pa.C.S. § 8542(b)(3).

8541 of the Judicial Code, 42 Pa.C.S. § 8541,[2] and held that volunteer fire companies were local agencies for purposes of this statutory provision and, "volunteer fire companies are entitled to governmental immunity under Section 8541 even when they are not engaged in fire-fighting activities." 531 Pa. at 503, 614 A.2d at 220. The Supreme Court also noted that the question of the defendant fire company's status did not arise in that case.

Appellee has not questioned Appellant's status as a volunteer fire company, therefore, that issue is not before this Court. We wish to point out, however, that the decision announced herein applies only to volunteer fire companies that have been created pursuant to relevant law and that are officially accorded the status of a volunteer fire company by the political subdivision which they serve.

531 Pa. at 501, n. 1, 614 A.2d at 219, n. 1.

In their complaint, the Millers alleged that the fire company is a non-profit corporation located in Elderton borough and organized under the non-profit corporation law. (Complaint, paragraph 3). As noted, the Millers' complaint averred that the fire company was not acting as a local agency. The fire company, on the other hand, averred that it *was* a local agency in its preliminary objection asserting governmental immunity. However, there is no finding that the fire company has been officially accorded the status of volunteer fire company by the political subdivision it serves.[3] Since the Supreme Court

**2.** § 8541. **Governmental immunity generally**

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person of property caused by any act of the local agency or an employee thereof or any other person.

**3.** In *Harmony Volunteer Fire Company and Relief Association v. Pennsylvania Human Relations Commission,* 73 Pa.Commonwealth Ct. 596, 602–603, 459 A.2d 439, 443 (1983), we noted that numerous legislative enactments interweave the function of the government and fire companies, such as Sections 1202 and 1302 of the Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 46202 and 46302, which authorize boroughs to make fire safety regulation and appropriations to volunteer fire companies; and Section 1 of the Act of June 18, 1941, P.L. 137, *as amended,* 35 P.S. § 1201, which authorizes boroughs to designate volunteer firefighters as special fire police; and Section 2 of

expressly limited its *Guinn* decision to such entities, we must vacate the decision of the court below and remand this matter to the trial court for that critical finding.

## ORDER

AND NOW, this 7th day of December, 1992, the order of the Court of Common Pleas of Armstrong County, at No. GD 91–0673, dated March 18, 1992, is hereby vacated and this matter is remanded to the court for proceedings consistent with this opinion.

Jurisdiction relinquished.

the Act of June 13, 1955, P.L. 173, 53 P.S. § 3832, which provides that no municipality may replace a volunteer company with a "paid fire company" unless a majority of the voters therein vote such a change.