620 A.2d 570

**ESTATE OF Margaret HARKINS, by her Administratrix, Carolyn SUMMERS, Appellant,**

v.

**ROMITO CATERERS, INC. and Cornwells Fire Company, Number 1, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 13, 1993.

Reargument Denied March 10, 1993.

Michael A. Seidman, for appellant.

Deborah L. Doyle, for appellees.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Carolyn Summers (Appellant), as administratrix of the estate of Margaret Harkins (Harkins), appeals an order of the Court of Common Pleas of Philadelphia County (trial court) sustaining preliminary objections of the Cornwells Fire Company, Number 1 (Fire Company), and transferring the case to the Court of Common Pleas of Bucks County.[1] We reverse.

Appellant commenced this action in the trial court seeking damages for personal injuries allegedly sustained by Harkins in a slip and fall during a wedding reception at the Fire Company. The Fire Company is a volunteer organization located in Bucks County.

The Fire Company filed preliminary objections raising the question of venue. Relying on Pa.R.C.P. Nos. 1006(b) and 2103(b),[2] the trial court sustained the preliminary objections. The trial court stated:

[i]t is the position of the court that under Pa.R.C.P. 1006(b) venue is proper in Bucks County. Rule 1006(b) states that actions against political subdivisions may be brought in and only in the county designated in Rule 2103. Since [the Fire Company] is located in Bucks County, venue is proper only in Bucks County.

1. Appellant initially filed this appeal in the Superior Court of Pennsylvania. By order of that court, it was subsequently transferred to the Commonwealth Court.

2. Rule 1006 is the general venue statute, and subdivision (b) provides, in pertinent part, "[a]ctions against the following defendants ... may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103." Rule 2103 concerns venue when the Commonwealth or a political subdivision is a party, and subdivision (b) states, "[e]xcept when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located."

On appeal to this court,[3] Appellant avers the trial court erred in transferring venue pursuant to Rule 2103(b), since the Fire Company was engaged in a proprietary function at the time of the alleged injury.[4]

By their terms, Rules 1006(b) and 2103(b) apply to "political subdivisions". The trial court's opinion presupposes the Fire Company is a political subdivision. We cannot agree. "Political subdivision" is defined in Pa.R.C.P. No. 76 as "any county, city, borough, incorporated town, township, school district, vocational school district or county institution district." As *Guinn* notes, "a volunteer fire company created pursuant to relevant law and legally recognized as the official fire company *for* a political subdivision *is a local agency.*" *Id.* 531 Pa. at 502, 614 A.2d at 219 n. 2 (emphasis added).

Mindful of our narrow scope of review, we conclude that the preliminary objections were improperly granted on the basis of Rules 1006(b) and 2103(b), and reverse the order of trial court.

## ORDER

AND NOW, January 13, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

---

**3.** On appeal of a trial court's order sustaining preliminary objections, our scope of review is to determine whether the trial court was correct, and resolving any doubt by overruling the objections. *Bortulin v. Harley–Davidson Motor Co.,* 115 Pa.Commonwealth Ct. 42, 539 A.2d 906 (1988), *petition for allowance of appeal denied,* 520 Pa. 619, 554 A.2d 511 (1988).

**4.** At oral argument, Appellant acknowledged that under the supreme court's recent decision in *Guinn v. Alburtis Fire Company,* 531 Pa. 500, 502–04, 614 A.2d 218, 220 (1992), her action against the Fire Company should be dismissed. *Guinn* held that "volunteer fire companies are entitled to governmental immunity under [42 Pa.C.S. § 8541] even when they are not engaged in fire-fighting activities." Inasmuch as no pleading in support of such a dismissal is before this court, we are limited by the procedural posture of this case to deciding only whether the trial court erred in transferring venue pursuant to Rules 1006(b) and 2103(b).