Norman J. EGER, Administrator of the Estate of Susan L. Parkin a/k/a Susan L. Eger, Deceased and on Behalf of Tara Eger, Pamela Parkin and Kelly Parkin, Appellants,

v.

William G. LYNCH, Jr., and South Fayette Township Firemen's Association, a/k/a South Fayette Volunteer Fire Company.

Commonwealth Court of Pennsylvania.

Argued June 11, 1998.

Decided July 13, 1998.

Reargument Denied Aug. 27, 1998.

Dennis P. Craig, New Smyrna Beach, FL, for appellants.

Edward A. Schenck, Pittsburgh, for appellees.

Before FRIEDMAN and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Norman Eger (Eger) appeals from an order of the Court of Common Pleas of Allegheny County that entered judgment in favor of the South Fayette Township Firemen's Association (Association), holding that the Association is a local agency and is immune from suit. We affirm.

Eger, administrator of the estate of Susan L. Parkin (Parkin), filed a wrongful death and survival action against William Lynch (Lynch), the Association and other defendants.[1] A settlement agreement ended the

---

1. This case arose as a result of a car accident in which Parkin died. She was a passenger in a car driven by Lynch. Parkin and Lynch had attended a fundraiser for a softball team that was held at the Association's fire hall. Lynch drank beer that was served at the fire hall and also drank alcohol that he had brought with him. Lynch became visibly intoxicated. Meanwhile, Parkin had fallen asleep in Lynch's car and was killed when the car hit a tree and guardrail within one mile of the fire hall.

litigation with Lynch and the trial court dismissed the action against the other defendants. Only the claims against the Association remained.

The Association filed a motion for summary judgment and requested a bifurcation so that the trial court could resolve the issue concerning its governmental immunity defense. Following argument on the immunity issue, the trial court concluded that through documentary evidence [2] the Association had established its status as a local agency under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. Then the trial court without deciding the bifurcation request *sua sponte* dismissed Eger's suit against the Association and Eger appealed to this Court. In a memorandum opinion and order, this Court vacated the trial court's order and remanded the case for an evidentiary hearing on the issue of whether the Association was a local agency. *Eger v. Lynch*, 677 A.2d 1335 (1996) (*Eger I* ).

The *Eger I* court concluded that the 1939 resolution alone did not provide a legally sufficient basis for the trial court's dismissal of the case. It held that the trial court had prematurely determined that the Association was entitled to governmental immunity as a matter of law without holding a hearing in light of Eger's documentary evidence and an offer of proof that raised factual issues concerning the Association's status. The *Eger I* opinion included discussion about two significant cases that impact on the issue of the Association's status as a local agency. They are *Guinn v. Alburtis Fire Co.*, 531 Pa. 500, 614 A.2d 218 (1992), and *Sanchez by Rivera v. Montanez*, 165 Pa.Cmwlth. 381, 645 A.2d 383 (1994). Additionally, the *Eger I* court, relying on language in the *Sanchez* opinion, explained that:

> [A] court's inquiry as to whether an entity, such as the Firemen's Association, is the official entity of a township does not necessarily end with the discovery of a resolu-

tion. Rather, a court should also consider evidence pertaining to whether the entity functioned as the official entity at the time of the incident giving rise to litigation.

> We believe that the trial court should have considered evidence concerning whether the Firemen's Association was without "independent legal existence" and "merely part of the [township's] organizational structure" at the time of the fatal accident in 1992. This inquiry is essential to a determination that the Firemen's Association was the official fire company of the township in 1992 and, therefore, a local agency entitled to governmental immunity.

(*Eger I*, slip op. at 7–8).

Upon remand, the trial court held hearings with both parties presenting documentary evidence as well as testimony. Following the hearings, the trial court incorporated by reference the findings of fact and conclusions of law proposed by the Association that it had adopted in its first order. However, it modified conclusion of law number 28, setting forth the relevant statement from the *Guinn* case that renders local agency status on a fire company that is "created pursuant to relevant law and recognized as an official fire company for a political subdivision...." (Trial Court's first order, p. 3). The trial court stated that it believed it was compelled to follow *Guinn* and would not apply the standard announced in *Sanchez* and discussed by the court in *Eger I*.

Furthermore, in conclusion of law number 30, the trial court set forth the evidence upon which it relied in determining that the Association was the official fire company of the Township. That evidence included:

1. The 1939 Resolution by the Board of Commissioners of South Fayette Township recognizing this Volunteer Fire Company as being the company which affords fire protection to the inhabitants of South Fayette Township;

---

**2.** The Association offered into evidence a resolution issued by the Board of Commissioners of the Township in 1939 that recognized the Association "as being the company which affords fire protection to the inhabitants" of the Township and provides for the payment of tax funds to the Association. (Certified Record, Appendix A).

Eger presented a 1992 Information Guide published by the Township that stated that volunteer fire companies were separate entities from the Township, having their own operating budget, and that funds from the Township were only a percentage of each fire company's total budget.

2. The yearly contributions made by the Township to this Volunteer Fire Company;

3. The yearly foreign fire tax insurance money distributed by the Township to this Volunteer Fire Company;

4. The listing of this Volunteer Fire Company, and its junior firemen, on the workers' compensation policy of the Township;

5. The listing of vehicles owned by this Volunteer Fire Company on the vehicle insurance policy issued to the Township;

6. The payment by the Township of the costs to dispatch fire calls;

7. The payment by the Township of the fire hydrant rental fees;

8. The miscellaneous help given by the Township to the Volunteer Fire Company, such as snow removal in the parking lot, garbage removal, and cutting grass;

9. The adoption of the 1992 Resolution pertaining to clarifying the activities for which firemen are afforded worker's compensation coverage; and

10. The close interaction between the Township police and the volunteer firemen in responding to and fighting fires.

(Association's Conclusion of Law No. 30, pp. 8–9, adopted by the trial court in its first order and incorporated in its second order). Consequently, the trial court again held that the Association was a local agency for purposes of governmental immunity and again granted summary judgment in favor of the Association.

Eger now appeals to this Court from the trial court's order after remand,[3] raising the following issues: 1) whether the trial court failed to follow the instructions contained in the remand order; 2) whether the Association did have "independent legal existence" and the Association was not "merely part of the Township's organization structure;" 3) whether the real property exception to governmental immunity, Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3), applies to this action; and 4) whether the trial court erred in failing to find that the facts here are distinguishable from *Guinn* or whether *Guinn* should be overruled.

Eger first argues that the trial court did not follow this Court's remand order, because it stated it would follow the dictates of *Guinn* and not those espoused in *Sanchez*. Our review of the opinions in both cases does not reveal an incompatibility between the two as implied by the trial court.

The issue in *Guinn* was whether the fire company was entitled to governmental immunity under 42 Pa.C.S. § 8541 even when it was not engaged in fire-fighting activity. The appellant in *Guinn* conceded that the fire company was a local agency entitled to immunity when it was acting in the scope of its duties. The *Guinn* court's only references to local agency status appear in footnote numbers 1 and 2. After defining "local agency," "government unit" and "government agency," the court enunciated the following two-part test, stating that "a volunteer fire company created pursuant to relevant law and legally recognized as the official fire company for a political subdivision is a local agency." *Id.* 614 A.2d at 219.

In *Sanchez*, one of the issues decided by the court was whether the Community Action Program of Lancaster County (CAP), a private, non-profit organization, was a local agency for immunity purposes. The *Sanchez* court reviewed numerous definitions, federal cases and Pennsylvania cases, in particular *Modern Shoppers World v. Philadelphia Gas Works*, 164 Pa.Cmwlth. 257, 643 A.2d 136, 138 (1994), *petition for allowance of appeal denied*, 539 Pa. 683, 652 A.2d 1327 (1994), wherein the court stated that "[f]or purposes of tort immunity, an 'agency of a local government' is one that has no independent legal existence, but is merely part of the organizational structure of that government or authority." In both *Modern Shoppers* and *Sanchez*, the courts held that despite being subject to various governmental regulations and receiving governmental funding, the entities were not local agencies entitled to governmental immunity.

---

**3.** Our scope of review of the trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr*, 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993).

■ Although the final determinations regarding local agency status in *Guinn* and *Sanchez* are different, the *Sanchez* case considered the issue presently before this Court and reviewed what a court should examine to determine that status. Here, despite the trial court's statement regarding the *Guinn* and *Sanchez* cases, it held the required evidentiary hearing, adopted the Association's findings and conclusion, which were based on the evidence presented, and held in favor of the Association. We conclude that these proceedings complied with this Court's remand order in *Eger I*.

■ Eger next argues that based on the evidence presented at the hearing on remand the trial court erred in finding that the Association was without "independent legal existence" and was "merely part of the Township's organizational structure." Eger contends that the facts relied on by the trial court to determine the Association's status as the official fire company of the Township are not enough to bring the Association within the organizational structure of the Township. Eger also contends that the Township in no way controls the organization, training or work performance by the members of the Association and that no Township ordinances apply to the Association.

The Association did not present definitive evidence that it was officially accorded the status as the official fire company for the Township. In fact it appears that the Association has less intermingling with the Township than does CAP with Lancaster County in the *Sanchez* case. However, the *Sanchez* case did not involve a fire company, which traditionally has been accorded local agency status because the duties performed by fire fighters are of a public character. *See Zern v. Muldoon,* 101 Pa.Cmwlth. 258, 516 A.2d 799 (1986), *petitions for allowance of appeal denied and dismissed,* 515 Pa. 596, 597, 528 A.2d 604, 605 (1987) and 518 Pa. 75, 541 A.2d 314 (1988) (opinion provides a history of fire fighting in the Commonwealth). *See also Walsh by Walsh v. Camelot Bristol Co. Inc.,* 102 Pa.Cmwlth. 76, 517 A.2d 577 (1986), and *Wilson v. Dravosburg Volunteer Fire De-* *partment No. 1,* 101 Pa.Cmwlth. 284, 516 A.2d 100 (1986).

A more recent case cited by the Association recognizing a volunteer fire company as a local agency is *Kniaz v. Benton Borough,* 164 Pa.Cmwlth. 109, 642 A.2d 551 (1994). Applying the two-part test from *Guinn,* the *Kniaz* court determined the fire company was a non-profit corporation organized under Pennsylvania law, thus, fulfilling the first prong. The more difficult question was whether enough evidence was presented to show that the fire company was the official fire company of the borough.

The *Kniaz* court reviewed the evidence submitted, including the articles of incorporation, a borough ordinance expanding duties of fire fighters covered by workers' compensation, and a joint fire and ambulance protection agreement signed by the fire company, the borough and neighboring townships. The president of the fire company testified that the fire company was accorded the status of a volunteer fire company by the borough, that the fire company's office was located in the municipal building and that the annual fire company picnic was held on borough property.

A review of the facts relied upon by the trial court here (see list of facts above) compares favorably with the evidence discussed in the *Kniaz* opinion. Consequently, we conclude that sufficient evidence exists to support a conclusion that the Association here is an official fire company of the Township. Therefore, the trial court did not err in holding that the Association is a local agency.

■ Eger next argues that if the Association is held to be a local agency then the real property exception to governmental immunity applies. The exception enumerated in Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3), provides that "a local agency may be liable for its employees' or its own negligence related to 'the care, custody or control of real property' in its possession." *Grieff v. Reisinger,* 548 Pa. 13, 15, 693 A.2d 195, 197 (1997). Eger relies on *Grieff,* which he contends no longer requires that the action arise from a defect of the real property, but from the care, custody and control of the real property. Eger contends that the Asso-

ciation permitted the illegal sale of alcohol on its premises; thus, the action arose out of the Association's control of the real property. Further, he contends that the Association breached the standard of care of a landowner in failing to protect invitees.

Eger misconstrues the law as enunciated in *Grieff.* In *Grieff,* the negligent care of the fire company's property caused the fire that injured the plaintiff. The Supreme Court held that the plain language of the real property exception to governmental immunity applied to the situation. However, the Supreme Court stated that *Grieff* was "unlike cases where the Court held that the real property exception did not apply because the government's property only facilitated injuries caused by third parties." *Id.* 693 A.2d at 197. The *Grieff* court then distinguished *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), and its progeny, explaining that a "municipality was immune from suit because under the immunity statute, the government is not liable for harm caused by third parties." *Grieff,* 548 Pa. at 16, 693 A.2d at 197.

Here, Lynch, the driver of the car in which Parkin died, was the third party that caused Parkin's death. The Association is only the local agency whose property may have facilitated the injuries caused by Lynch. This is not a question of care, custody or control over the real property owned by the Association as in *Grieff.*

Lastly, Eger contends that *Guinn* is distinguishable from the facts here, relying in part on Section 492 of the Liquor Code,[4] which prohibits the sale or consumption of alcohol unless a valid retail dispenser license or a valid liquor license has been issued for the premises. The *Guinn* opinion does not indicate whether the activity there was illegal; it holds only that a local agency's immunity is not limited to actions within the scope of its duties. However, because we have determined that under the two-part test in *Guinn* that the Association has the status of a local agency and that the real property

exception does not apply, we do not reach the question of the legality of the Association's actions.[5]

Accordingly, for the reasons stated above, we affirm the trial court's order that granted judgment in favor of the Association.

*ORDER*

NOW, July 13, 1998, the order of the Court of Common Pleas of Allegheny County, at No. GD 92–14487, dated December 5, 1997, is affirmed.

---

4. Act of April 12, 1951, P.L. 90, reenacted by Section 80 of the Act of June 29, 1987, P.L. 32, *as amended,* 47 P.S. § 4–492.

5. As for Eger's argument that we should overrule *Guinn,* obviously, *Guinn* is a Pennsylvania Supreme Court decision and this court does not have that power.