J-A26026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. S/B/M | : | IN THE SUPERIOR COURT OF |
| LASALLE BANK MIDWEST NATIONAL | : | PENNSYLVANIA |
| ASSOCIATION | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK R. DAVIS | : | No. 331 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered February 5, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): MG-13-000477

BEFORE: BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.: **FILED NOVEMBER 29, 2016**

In this mortgage foreclosure action, Mark R. Davis appeals from the order entered February 5, 2016, granting Bank of America, N.A. ("Bank of America" or "the Bank"), summary judgment and awarding it judgment *in rem* for $117,038.33, plus interest and costs. We affirm.

On June 4, 1999, Appellant executed a mortgage and promissory note to Standard Federal Bank in the original principal amount of $80,958.00. The record suggests that in April 2001, Standard Federal Bank assigned the mortgage to Atlantic Mortgage & Investment Corporation. However, seven years later in April 2008, Standard Federal Bank assigned the mortgage to LaSalle Bank Midwest National. LaSalle Bank merged with Bank of America. In February 2010, Appellant defaulted under the mortgage by failing to make payments due.

In March 2013, Appellee filed its complaint in mortgage foreclosure. In July 2015, Appellee filed a motion for summary judgment, and one month later, Appellant filed a response. On February 5, 2016, judgment was entered in favor of Bank of America in the amount of $117,038.33, with interest from July 2015 to the date of the sheriff's sale at the rate of $14.25 per diem, and for foreclosure and sale of the mortgaged premises.

In March 2016, Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents one issue for review:

> Whether [s]ummary [j]udgment should have been granted to [the Bank] in a mortgage foreclosure action where the [the Bank's] mortgage had previously been assigned to another entity prior to its being assigned to [the Bank's] predecessor and where [the Bank] did not produce the original note.

Appellant's Brief at 4.

We review the trial court's decision for an abuse of discretion or error of law; the scope of our review is plenary. *PHH Mortg. Co. v. Powell*, 100 A.3rd 611, 616 (Pa. Super. 2014).

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

*Id.* (internal punctuation modified; citations omitted).

Appellant asserts the trial court erred in granting Bank of America summary judgment. Appellant raises two arguments in support of this assertion. According to Appellant, (1) Bank of America did not have a valid assignment of the mortgage, and (2) the Bank did not establish that it held the original note.

Appellant's first argument is without merit, as he does not have standing to challenge the assignment of the mortgage. Under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. 2013) (*Murray*). Enforcement is proper even if questions remain as to the chain of possession, and questions as to that chain are immaterial to its enforceability so long as the holder can prove it holds said note. *Id*. A note endorsed in blank is a "bearer note," payable to anyone on demand regardless of who previously held the note. 13 Pa.C.S.A. §§ 3109(a), 3301. Upon payment of the note, a borrower is released from further liability, even if he pays the wrong party. *Murray*, 63 A.3d at 1264-65 (applying 13 Pa.C.S.A. § 3602). Accordingly, this Court has held that a borrower who has discharged his liability lacks standing to challenge the validity of a note assignment. *Id.*

The record in this case shows that Bank of America holds a bearer note and, therefore, the mortgage. Upon payment of the mortgage, Appellant's obligation is discharged, even if a note assignment was

defective. *Id.* Consequently, Appellant lacks standing to challenge the validity of the assignment. *Id.*

Appellant's second contention, that Bank of America failed to produce the original note is without merit. In response to a motion for summary judgment, an adverse party may not rest on the mere allegations or denials in his pleadings, but must set forth in his response by affidavits, specific facts in dispute. *Maier v. Maretti*, 671 A.2d 701, 706 (Pa. Super. 1995) (citing *Kniaz v. Benton Borough*, 642 A.2d 551, 553 (Pa. Cmwlth. 1994)). Here, in its motion for summary judgment, the Bank averred it was properly assigned the mortgage and possessed the note. Mot. Summ. J., 7/2/15, ¶ 6. In its response, Appellant challenged the assignment, but not the Bank's possession of the note. Resp., 8/3/15, ¶ 6, 8.

In argument supporting its response, Appellant suggested that Bank of America did not possess the original note. *See* Appellant's Brief in Support of Response, at 3. However, such arguments are not sufficient to challenge the Bank's motion. *Scopel v. Donegal Mutual Ins. Co.*, 698 A.2d 602, 606 (Pa. Super. 1997) (citing *Erie Indemnity Co. v. Coal Operations Casualty Co.*, 272 A.2d 465, 466-467 (Pa. 1971) (holding that a brief filed in support of motion for summary judgment, which included factual averments not contained in the pleadings, could not be considered by the trial court.)).

Appellant failed to properly challenge Bank of America's assertion that it possessed the note. Thus, the trial court acted correctly in granting

summary judgment in favor of the Bank, since no material fact remained in issue as to any element in the mortgage foreclosure action. ***Cunningham v. McWilliams***, 714 A.2d 1054, 1057 (Pa. Super. 1998).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016