643 A.2d 136

**MODERN SHOPPERS WORLD–MT. AIRY CORPORATION and Granite State Insurance Company, as subrogee of Modern Shoppers World–Mt. Airy Corporation**

v.

**PHILADELPHIA GAS WORKS and Philadelphia Facilities Management Corporation**

**APPEAL OF GRANITE STATE INSURANCE COMPANY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1994.

Decided May 23, 1994.

Reargument Denied July 20, 1994.

Petition for Allowance of Appeal Denied Nov. 28, 1994.

258

Kenneth T. Levine, for appellants.

Nolan N. Atkinson, Jr., for appellees.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

McGINLEY, Judge.

Granite State Insurance Company (Granite) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) that granted a cross-motion for summary judgment on behalf of the Philadelphia Facilities and Management Corporation (PFMC) after concluding that PFMC was a local agency for purposes of local government immunity and 42 Pa.C.S. § 8553(d),[1] which prevents subrogation by an insurer

---

1. 42 Pa.C.S. § 8553(d) provides:
   **(a) General Rule.**—Actions for which damages are limited by reference to this subchapter shall be limited as set forth in this section.
   . . . .
   (c) Types of losses recognized.—Damages shall be recoverable only for:
   ... (6) property losses.
   **(d) Insurance benefits.**—If a claimant receives or is entitled to recover benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under

against local government agencies, does not violate Granite's equal protection rights. We reverse and remand.

On January 4, 1990, an explosion and fire occurred in the basement of the premises located at 7401–23 Stenton Avenue in Philadelphia. The premises was owned by Modern Shoppers World–Mt. Airy Corporation (MSW–MAC). Granite provided property damage insurance coverage to MSW–MAC and as a result of the explosion Granite reimbursed MSW–MAC for its loss in excess of $195,000.00.

On July 26, 1991, MSW–MAC filed a complaint[2] against PFMC as exclusive operator of the Philadelphia Gas Works (PGW), alleging that PFMC is a nonprofit corporation charged with the operation, maintenance and repair of PGW facilities, including the underground gas distribution system and piping and that negligence on PFMC's part caused the explosion. PFMC filed an answer admitting that it is a nonprofit corporation which oversees the operation of PGW facilities. In its new matter PFMC alleges that it is a local government agency entitled to immunity under 42 Pa.C.S. § 8541 and that Granite, as an insurer subrogee, was prevented from recovering any damages under 42 Pa.C.S. § 8553(d).

On December 29, 1992, Granite filed a motion for partial summary judgment attempting to strike PFMC's claim of immunity from its new matter.[3] On January 26, 1993, PFMC filed a response to Granite's motion and a cross-motion for partial summary judgment seeking to dismiss Granite's claim based upon the limitations in 42 Pa.C.S. § 8853(d).

After oral argument on March 2, 1993, the trial court ruled in favor of PFMC. In reaching its decision, the trial court reviewed the relevant provisions of the City's Home Rule

subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

2. Although the complaint mentioned only MSW–MAC in its caption, under Pa.R.C.P. No. 2002(d) Granite is a separate and distinct subrogee plaintiff.

3. With the trial court's approval, the parties subsequently amended the caption to include Granite as a plaintiff.

Charter[4] which address the City's authority to operate facilities for the production of gas. The trial court also reviewed the 1972 City Ordinance establishing an Agreement[5] between the City and the PFMC and PFMC's articles of incorporation.[6] As the trial court acknowledged, PFMC is a nonprofit corporation organized by the City of Philadelphia (City) for the sole purpose of operating PGW. Notes of Testimony, March 2, 1993 (N.T.), at 24–25; R.R. at 344a–345a. Specifically, the trial court found *inter alia,* that PFMC personnel are hired subject to the approval of the City's Gas Commission and PFMC's legal matters are handled by the City Solicitor. *Id.* PFMC's three directors are appointed by the Mayor. *Id.* Further, the City is obligated to indemnify PFMC's directors, officers and employees for any liabilities, claims, or actions against them while acting within the scope of their employment. *Id.* Also, PFMC's sole source of income is the management fee provided in the City's 1972 Ordinance. Consequently, the trial court found PFMC to be a local government agency and held that Granite was barred from recovering any damages under 42 Pa.C.S. § 8553(d). Granite appeals.

Before this Court, Granite asserts that the trial court erred in determining that PFMC is a local government agency and that the trial court also erred in determining that 42 Pa.C.S. § 8553(d), which forestalls suits by subrogee insurance companies while allowing identical suits by uninsured or underinsured plaintiffs, does not violate the equal protection guarantees of the state and federal constitutions.[7] Granite first alleges that the trial court erred in holding that PFMC is a local agency based upon our decision in *Philadelphia Facilities Management Corporation v. Biester,* 60 Pa.Commonwealth Ct. 366, 431 A.2d 1123 (1981), wherein this Court,

4.  351 Pa.Code §§ 1.1–100—12.12–503.

5.  The text of the Ordinance and Agreement can be found at Reproduced Record (R.R.) at 154a–200a.

6.  For the text of the articles of incorporation, see R.R. at 202a–203a.

7.  Our scope of review over a trial court's grant of summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993).

referring to *Dawes v. Philadelphia Gas Commission*, 421 F.Supp. 806 (E.D.Pa.1976), a federal district court decision, concluded that PFMC is a private nonprofit corporation. *Biester*, 60 Pa.Commonwealth Ct. at 377, 431 A.2d at 1123. Granite contends PFMC is a private corporation, not a public body or a local government agency.

A "local agency" is defined as "a government unit other than the Commonwealth government. The term includes an intermediate unit." 42 Pa.C.S. § 8501. "Government unit" has been defined as "any government agency . . ." and that term has been defined as "any *political subdivision, municipal authority* or other *local authority* [8] or any officer or any **agency of such political subdivision or local authority.**" 42 Pa.C.S. § 102. Each of the underlined terms are further defined in 1 Pa.C.S. § 1991. As can be seen from the definitions set forth in the footnote, those provisions include only traditional units of government: cities, boroughs, counties, authorities, etc., as well as school districts. *See Ziccardi v. School District of Philadelphia*, 91 Pa.Commonwealth Ct. 595, 498 A.2d 452 (1985).

PFMC contends that it falls within the definitions because, even though it is a non-profit corporation, it is an agency of the City. It contends that because it was organized by the City of Philadelphia and its management contract with the City places constraints on its operation, it is entitled to the same immunity that the City enjoys because agencies of a local government are entitled to the same governmental immunity as the governmental body of which they are part.

8. 1 Pa.C.S. § 1991 defines those terms as follows:
**Political subdivision**
Any county, city, borough, incorporated town, township, school district, vocational school district and county institution district.
**Municipality authority or municipal authority**
A body corporate and politic created pursuant to the Municipality Authorities Act of 1935 or to the Municipality Authorities Act of 1945.
**Local authority**
When used in any statute finally enacted on or after January 1, 1975, a municipal authority or any other body corporate and politic created by one or more political subdivisions pursuant to statute.

For purposes of tort immunity, an "agency of a local government" is one that has no independent legal existence, but is merely part of the organizational structure of that local government or authority. 42 Pa.C.S. § 102. *Hough v. Commonwealth, Department of Transportation,* 155 Pa.Commonwealth Ct. 162, 624 A.2d 780 (1993); *City of Philadelphia v. Glim,* 149 Pa.Commonwealth Ct. 491, 613 A.2d 613 (1992). Being part of a local government's internal organization, an agency is subject to the same governmental restrictions governing the local government of which it is part. No matter how much the functions of PFMC and the City are interwoven, who formed PFMC, who appoints its directors, and no matter how much control is exercised by the City under the 1972 agreement,[9] PFMC is not an agency of the City—it is a "private non-profit corporation." *Biester,* 60 Pa.Commonwealth Ct. 366, 377, 431 A.2d 1123 (1981); *Dawes,* 421 F.Supp. 806 (E.D.Pa.1976). Its operations are governed by the Nonprofit Corporation Law of 1988, 15 Pa.C.S. §§ 5101–6162, not the City's Home Rule Charter or its general ordinances or, for that matter, laws of the Commonwealth dealing with local governmental affairs. Accordingly, we hold that PFMC is not entitled to assert a defense of governmental immunity and may not avail itself of the protection from subrogation claims provided by 42 Pa.C.S. § 8553(d).

Having determined that PFMC, a nonprofit corporation charged with the exclusive control, custody, operation, maintenance and repair of the PGW gas mains in the City, is not a local government agency and may not avail itself of the 42 Pa.C.S. § 8553(d) protection from subrogation claims by insurers, we need not address Granite's contention that 42 Pa.C.S.

**9.** Even though the City is required to give approvals for the purchase of gas agreements and other types of activities, an examination of the 1972 management agreement for the operation of the Gas Works is not dissimilar to many other types of management contracts entered into between private companies when one company wants another company to operate its facilities. Carte blanche is usually not given, the contractor operates the facility subject to cost restraints, and consultation and owner approval of certain actions are routine provisions. If one substituted Metropolitan Edison for PFMC as the organization to manage the company, no one would say that the agreement made Metropolitan Edison a "local agency".

§ 8553(d) violates the equal protection guarantees of the state and federal constitutions by limiting subrogation suits by insurer subrogees while permitting identical suits by uninsured plaintiffs.

The order of the trial court is reversed and this case is remanded for further proceedings consistent with the foregoing opinion.

## ORDER

AND NOW, this 23rd day of May, 1994, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and this matter is remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.