782 A.2d 510

**SPHERE DRAKE INSURANCE COMPANY, Appellee,**

v.

**PHILADELPHIA GAS WORKS and Philadelphia Facilities Management Corporation.**

**Appeal of: Philadelphia Facilities Management Corporation.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2000.

Decided Oct. 18, 2001.

542

Jeffrey S. Batoff, Daniel P. Finegan, Jonathan W. Hugg, Leon W. Tucker, Philadelphia, for Philadelphia Facilities Management Corp.

Reid Howell, Philadelphia, James P. Carfagno, for Sphere Drake Ins. Co.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

CASTILLE, Justice:

The issue on appeal is whether appellant Philadelphia Facilities Management Corporation ("PFMC"), a non-profit corporation incorporated by Philadelphia city officials to provide management services for the city-owned Philadelphia Gas Works (PGW), is immune from tort liability under the Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act" or "Act"), 42 Pa.C.S. § 8541 *et seq.*

On January 25, 1994, Edward and Jacqueline Lord's Philadelphia residence was damaged in a fire that resulted from a gas explosion. The Lords were insured by appellee, Sphere Drake Insurance Company, which paid them $48,000 for damages incurred as a result of the fire. The Lords assigned their right of recovery to appellee, which subsequently filed a subrogation suit against PGW, the provider of natural gas service to the Lords, and appellant PFMC, seeking to recover the funds that it had paid to the Lords. PGW and PFMC asserted, among other things, that they were immune from such an action under § 8553(d) of the Tort Claims Act.

The facts are undisputed, the matter having been presented for summary judgment upon the basis of stipulated facts. PFMC is the exclusive manager and operator of PGW. The City's control over PFMC, however, is pervasive. PFMC is a non-profit corporation incorporated by the Philadelphia City Solicitor's Office in 1972, pursuant to the Pennsylvania Nonprofit Corporation Law of 1972 (now codified at 15 Pa.C.S. § 5101 *et seq.*), and memorialized in a decree of incorporation issued by the Philadelphia Court of Common Pleas on December 5, 1972. PFMC provides management services for the City and its subsequent contract with the City, which arose in conjunction with a City Ordinance, confirms that it exists for the sole purpose of managing PGW. The Mayor of Philadelphia selects PFMC's Board of Directors and the City is responsible for indemnifying and holding harmless the directors, officers and employees of PFMC from all claims and liability arising in connection with their management of PGW.

PFMC's authority is limited to that specifically granted by the City. Its management and operation of PGW is for the sole and exclusive benefit of Philadelphia and its citizens. PFMC personnel are subject to the approval of the Philadelphia Gas Commission, which is within the City Department of Public Property. PFMC must submit an annual budget to the City Director of Finance and file various financial reports with different officials and departments within the City. Should PFMC ever be dissolved, its assets would vest in the City.

In addition, employees of PFMC are treated comparably to other City workers. Thus, the City Director of Finance is required to determine a supplemental retirement amount to be invested for the benefit of retiring PFMC employees. The deferred compensation plan established for PFMC employees qualifies as an eligible deferred compensation plan applicable to employees of a "State, political subdivision of a State, and any agency or instrumentality of a State or political subdivision of a State" within the meaning of § 457 of the Internal Revenue Code. 26 U.S.C. § 457. PFMC employees also participate in a pension plan maintained pursuant to a City Ordinance.

Because neither PGW nor PFMC contested common law tort liability and Sphere Drake stipulated that PGW was immune from tort liability, the sole issue before the trial court was the legal question of whether PFMC was a "local agency" and therefore immune from liability under the Tort Claims Act. The parties filed cross-motions for summary judgment. On the basis of the Commonwealth Court's decision in *Modern Shoppers World Mt. Airy Corporation v. Philadelphia Gas Works,* 164 Pa.Cmwlth. 257, 643 A.2d 136 (1994) (*en banc*), *allocatur denied,* 539 Pa. 683, 652 A.2d 1327 (1994), the trial court held that PFMC is not a local agency for purposes of Tort Claims Act immunity and, accordingly, entered summary judgment on August 19, 1998, in favor of Sphere Drake and against PFMC in the amount of $48,000. PFMC appealed to the Commonwealth Court, seeking to have *Modern Shoppers World* overruled. The Commonwealth Court declined to do so, and affirmed the entry of summary judgment in favor of

Sphere Drake. This Court granted allocatur to address the question of whether a non-profit corporation created by a political subdivision, such as PFMC, is immune from liability under the Tort Claims Act. We have not addressed this question before and we, of course, are not bound, as the courts below were, by the Commonwealth Court's *en banc* decision in *Modern Shoppers World.*

 This Court's review of questions of law, such as whether summary judgment was appropriate here, is plenary. *See Hughes v. Seven Springs Farm, Inc.,* 563 Pa. 501, 504, 762 A.2d 339, 340 (2000). Summary judgment may be entered only in those cases where the record clearly demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See Dean v. Commonwealth, Dep't of Transp.,* 561 Pa. 503, 507, 751 A.2d 1130, 1132 (2000).

This case, having come for decision upon stipulated facts, is unquestionably ripe for summary judgment. Our plenary review involves the purely legal question of immunity under the Tort Claims Act. The Act provides, in pertinent part, that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. The germane question is whether PFMC is such a local agency and, accordingly, is entitled to summary judgment on immunity grounds.

Our inquiry begins with an examination of the plain language of the relevant statutory provisions. *See* 1 Pa.C.S. §§ 1903(a), 1921(b); *Commonwealth v. Burnsworth,* 543 Pa. 18, 24, 669 A.2d 883, 886 (1995) (when language of statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning); *Guinn v. Alburtis Fire Co.,* 531 Pa. 500, 502–03, 614 A.2d 218, 220 (1992) (the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly; the best indicator of legislative intent is the plain language of the statute). The Tort Claims Act comprises Subchapter C of

Chapter 85 of the Judicial Code, the chapter which addresses "Matters Affecting Government Units." The definition section of Chapter 85 defines a "local agency" as "[a] government unit other than the Commonwealth government." 42 Pa.C.S. § 8501. The general definitions section of the Judicial Code, which applies in the absence of further specific definitions, defines a "government unit" as, *inter alia,* "any government agency...." *Id.* § 102. A "government agency," in turn, is defined by the Judicial Code as "[a]ny Commonwealth agency or any political subdivision or municipal or **other local authority,** or any officer or agency of any such political subdivision or local authority." *Id.* (emphasis supplied). *See also Guinn,* 531 Pa. at 502 n. 2, 614 A.2d at 220 n. 2.

Although the Judicial Code does not define "local authority," the Statutory Construction Act does. It provides that the phrase "local authority," "[w]hen used in any statute finally enacted on or after January 1, 1975," means "a municipal authority or any other body corporate and politic created by one or more political subdivisions pursuant to statute." 1 Pa.C.S. § 1991. Both the Judicial Code and the Tort Claims Act were enacted after January 1, 1975; hence, both are subject to this overarching definition. *See Commonwealth v. Runion,* 541 Pa. 202, 207, 662 A.2d 617, 619 (1995) (because Crimes Code did not further define term "person" for ascertaining who might be considered a victim for purposes of restitution, construction was governed by the Statutory Construction Act, which did define "person").

Appellant PFMC argues that "the plain language of the definitional scheme" outlined above establishes that it is a local agency for purposes of Tort Claims Act immunity. With this assertion one must agree. PFMC's Decree of Incorporation states that:

It is therefore ordered and decreed, that the Articles of Incorporation of the Philadelphia Facilities Management Corporation be and the same are hereby approved and that upon the recording of said Articles and this order, the subscribers thereto and their associates and successors, shall be a **body politic and corporate** in deed and in law by

the name of the Philadelphia Facilities Management Corporation....

R.R. at 51a (emphasis supplied). Thus, PFMC is a "body corporate and politic" as contemplated in the Statutory Construction Act's definition of a "local authority." PFMC satisfies the second part of the "local authority" definition because it was created by the City of Philadelphia, a political subdivision, pursuant to statute. The parties stipulated that PFMC was incorporated by the Philadelphia City Solicitor's Office— specifically, the then-City Solicitor and four of his Deputies— all of whom were acting within the scope of their duties. The incorporation took place pursuant to the Nonprofit Corporation Law, 15 Pa.C.S. § 5101 *et seq.*, which provides that a nonprofit corporation may be incorporated "for any lawful purpose or purposes," including for "civic" or "political" reasons. The City thus created and incorporated PFMC pursuant to a statute "for the sole specified purpose" of carrying out the civic and political function of managing and operating the City's municipal gas utility, on a non-profit basis, on behalf of the City and for the exclusive benefit of its citizens. Because PFMC meets the definition of "local authority," it falls within the scope of the larger definition of "local agency" under the Tort Claims Act. Accordingly, as a matter of statutory construction, PFMC is entitled to immunity from tort liability.

Appellee Sphere Drake dismisses PFMC's plain meaning argument as "smoke and mirrors" and asks that this Court instead follow *Modern Shoppers World* and conclude that PFMC is a "private non-profit corporation," not a local agency. Brief of Appellee, 11–14. We decline this invitation, as it is clear that *Modern Shoppers World* was wrongly decided.

In *Modern Shoppers World,* the Commonwealth Court was faced with the same issue that is presented in the matter *sub judice.* The court recognized the statutory definitional scheme outlined above, including a recognition in a footnote that the Statutory Construction Act defined a "local authority" as including a "body corporate and politic created by one or more political subdivisions pursuant to statute." 643 A.2d at 138 n. 8. Nevertheless, the court failed even to discuss the

consequences of that plain language. Instead, the court summarily concluded that the terms "political subdivision," "municipal authority," and "local authority," as defined in the Statutory Construction Act, 1 Pa.C.S. § 1991, include only "traditional units of government: cities, boroughs, counties, authorities, etc., as well as school districts." 643 A.2d at 138. The court ultimately held that:

> No matter how much the functions of PFMC and the City are interwoven, who formed PFMC, who appoints its directors, and no matter how much control is exercised by the City under the 1972 agreement, PFMC is not an agency of the City—it is a "private non-profit corporation."

*Modern Shoppers World,* 643 A.2d at 138 (footnote omitted). Thus, the Commonwealth Court apparently deemed the fact of incorporation of PFMC to be dispositive of the question of whether PFMC could be deemed a local agency.

*Modern Shoppers World* is problematic for several reasons. First and most importantly, its conclusion that only "traditional units of government" fall within the meaning of "local authority" is squarely at odds with the actual definition of "local authority" provided in the Statutory Construction Act. The court never explained its deviation from the controlling statutory language.

■ No less problematic is the fact that the *Modern Shoppers World* court's substitution of a policy-based *per se* rule focusing on the fact and method of incorporation, to the exclusion of other factors, in determining whether the entity is a local agency, is not otherwise supported by the statutory scheme. The overall purpose of the Tort Claims Act, of course, is to limit governmental exposure to tort liability for its acts. *See, e.g., Lory v. City of Philadelphia,* 544 Pa. 38, 43, 674 A.2d 673, 675–76 (1996), *cert. denied,* 519 U.S. 870, 117 S.Ct. 184, 136 L.Ed.2d 123 (1996). *See also Smith v. City of Philadelphia,* 512 Pa. 129, 139, 516 A.2d 306, 311 (1986) (plurality opinion) ("preservation of the public treasury as against the possibility of unusually large recoveries in tort cases, is, self-evidently, an important governmental interest").

PFMC argues, persuasively in this Court's view, that to the extent that statutory construction beyond plain meaning need be resorted to at all here, it is the public control of an entity, its public function, and the effect on public administration and the public purse that is reflected in the definitional scheme and that should inform this Court's judgment.

Third, as PFMC accurately notes, the approach in *Modern Shoppers World* is inconsistent with certain of the Commonwealth Court's then-existing precedent. For example, in *Rhoads v. Lancaster Parking Authority,* 103 Pa.Cmwlth. 303, 520 A.2d 122 (1987), *allocatur denied,* 515 Pa. 611, 529 A.2d 1084 (1987), the plaintiff sued the Lancaster County Parking Authority for injuries sustained in an assault occurring in a Parking Authority garage. A panel of the Commonwealth Court held that the Parking Authority was a local agency that enjoyed immunity under the Act—even though it was incorporated separately from its affiliated municipality and, thus, hardly qualified as a "traditional unit of government." The court explained that:

> Municipal authorities are independent corporate agents of the Commonwealth which exercise governmental, as well as private corporate power, in assisting the Commonwealth in meeting the needs of its citizens. . . . [S]uch authorities must be separate and distinct entities from the municipalities which form them for reasons of public policy and convenience. . . . [T]here would be no public policy reason, however, to exclude them from the penumbra of immunity granted to local municipalities.

520 A.2d at 126–27. *Rhoads'* pragmatic approach stands in stark contrast to *Modern Shoppers World.* As an *en banc* court the *Modern Shoppers World* court certainly had the power to overrule a Commonwealth Court panel precedent such as *Rhoads;* however, it failed even to acknowledge the decision or distinguish the fundamentally different approach it was adopting in its stead.

It is also notable that *Rhoads* is not the only decision to conclude that a nonprofit corporation incorporated by a city or other municipality is entitled to immunity under the Tort

Claims Act. In *Weinerman v. City of Philadelphia*, 785 F.Supp. 1174 (E.D.Pa.1992), the issue before the federal court was whether the Philadelphia Housing Development Corporation (PHDC), an entity identical to PFMC in its structure, is a local agency immune from suit under the Act. Like PFMC, PHDC is a non-profit corporation. It was formed to provide services and activities to develop new housing employment opportunities, improve living conditions for the elderly, and improve housing and living facilities and home management skills in the City in general. Citing *Rhoads* with approval, the district court examined the degree to which the City and PHDC were intertwined and concluded that, in light of the substantial control the City exercises over it, PHDC is a local agency:

> [PHDC's] Board of Directors consists of ten directors who hold their directorships because of their status as City officers and twenty-five additional directors who are appointed by the Mayor. PHDC is required by the City's office of Management and Budget to comply with directives that must be adhered to only by local governments or quasi-governmental agencies. Moreover, PHDC is exempt from all real estate taxes and municipal liens and claims and has the power to eradicate taxes, claims and municipal liens on property which it acquires. Should PHDC ever be dissolved, its property rights would vest in the City. Finally, it contributes on behalf of its employees to a pension plan under § 414(h)(2) of the Internal Revenue Code. That provision applies only to plans established by a state government, its agencies, instrumentalities or political subdivisions thereof.
>
> These facts establish that the PHDC is a local agency under the Political Subdivision Tort Claims Act.

785 F.Supp. at 1178. Certainly *Weinerman* and *Rhoads* do not bind this Court, but they are persuasive in that they, unlike *Modern Shoppers World*, are consistent with the purpose behind the Tort Claims Act.

■ Turning to this case, it is undisputed that PFMC exists solely to assist the City in meeting the needs of its citizens

with respect to natural gas service. The City created PFMC, appoints its Board of Directors, and exercises substantial control over it. The assets of PFMC would vest in the City upon the dissolution of PFMC. PFMC employees participate in deferred compensation and defined benefit plans that are exclusively for City employees. As the *Modern Shoppers World* court itself recognized, PFMC's sole source of income is the management fee paid it by the City. 643 A.2d at 137. That fact, combined with the fact that the City is obliged to indemnify PFMC's directors, officers and employees and hold them harmless from all claims and liability arising in connection with PFMC's management and operation of PGW, makes clear that any award of damages against PFMC is, in effect, an award against the City. In light of these facts, to hold that PFMC is not a local agency would be as contrary to the purpose of the Tort Claims Act as it is to the plain language of the Act. Accordingly, even if this Court needed to go beyond the plain language of the statute to decide this case, as Sphere Drake seems to believe, we would only be further convinced that PFMC is a local agency under the Act. That our holding is required by both the plain meaning of the statute and a consideration of the statute's purpose reinforces our conclusion that *Modern Shoppers World* was wrongly decided.

The parties have also forwarded arguments premised upon the General Assembly's recent passage of the Natural Gas Choice and Competition Act (Natural Gas Act), which became effective on June 30, 2000. The Natural Gas Act provides, in pertinent part, that:

> any entity created ... to own, manage, operate, lease or carry out natural gas supply and/or distribution services, for, or on behalf of, a city or a city natural gas distribution operation shall be deemed a local agency for purposes of [the Tort Claims Act].

66 Pa.C.S. § 2212(m). The parties agree that the Natural Gas Act explicitly grants PFMC the status of a local agency for Tort Claims Act immunity purposes. They differ, however, in their view of the relevancy of the Natural Gas Act here. PFMC argues that the passage of this Act is a clear indication

that the General Assembly does not agree with the holding in *Modern Shoppers World.* In PFMC's view, the new Act effectively "overrules" *Modern Shoppers World.* Sphere Drake, on the other hand, argues that the Natural Gas Act has no retroactive effect and that its very existence proves that the prior statutory construct did not contemplate immunity for an entity such as PFMC.

We respond to these arguments merely by emphasizing that our conclusion that PFMC is entitled to immunity is not in any way dependent upon the Natural Gas Act but, instead, derives from our interpretation of the plain language and purpose of the statutory construct in effect when this dispute arose. Nor are we persuaded one way or the other by the parties' arguments as to what the Natural Gas Act reveals about the General Assembly's intention as to the previous status of the law. Such an argument is not easily resolvable here, which perhaps explains the wisdom of Justice Scalia's observation that, "[a]rguments based on subsequent legislative history, like arguments based on antecedent futurity, should not be taken seriously, not even in a footnote." *Sullivan v. Finkelstein,* 496 U.S. 617, 632, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (Scalia, J., concurring).

For the foregoing reasons, we hold that PFMC is a "local agency" entitled to immunity under the Tort Claims Act. In so holding, we specifically reject the Commonwealth Court's contrary decision in *Modern Shoppers World.* Accordingly, we reverse the Commonwealth Court's affirmance of the trial court's entry of summary judgment in favor of Sphere Drake and remand to the trial court for entry of summary judgment in favor of PFMC. Jurisdiction is relinquished.