Daniel FLOOD and Ann Flood, Individually and as Parent and Natural Guardians of Lauren Flood, a Minor, Appellants

v.

Matthew SILFIES and Ronald Meckes and Klecknersville Rangers Volunteer Fire Company.

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.

Decided Oct. 2, 2007.

Thomas F. Sacchetta, Media, for appellants.

Stephanie L. Hersperger, Harrisburg, for appellee.

BEFORE: COLINS, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Daniel Flood and Ann Flood, individually and as parents and natural guardians of Lauren Flood, a minor (Appellants), appeal from an order of the Court of Common Pleas of Northampton County (trial court), which granted a motion for summary judgment filed by Appellees Matthew Silfies (Silfies), Ronald Meckes (Meckes) and

Klecknersville Rangers Volunteer Fire Company (the Volunteer Fire Company), thereby dismissing on the basis of governmental immunity a civil action filed against them for allegedly negligent emergency care. Silfies and Meckes are emergency medical technicians (EMT's) with the Volunteer Fire Company. We now affirm.

Appellants filed a complaint against Silfies, Meckes and the Volunteer Fire Company, seeking damages resulting from birth defects allegedly suffered by Lauren Flood as a result of allegedly negligent emergency care rendered by Appellees on April 23, 2003. (R.R. at 114a–127a). Appellants aver in their complaint that on that date, Appellees responded to a 911 call at the Flood residence, where they found Mrs. Flood lying in bed bleeding from the vagina and suffering abdominal pain. *Id.* She was thirty-seven (37) weeks pregnant at the time. *Id.* Instead of using a stretcher, they instructed her to walk, under her own power, down the stairs and into the waiting ambulance. *Id.* While on the way to the hospital, they did not administer any treatment to her, not even oxygen. *Id.* Appellees did not notify the hospital that she was being transported to it. *Id.* Upon arrival at the hospital, a caesarean section was performed on Mrs. Flood, and her daughter, Lauren, was born. *Id.* Mrs. Flood's pre-delivery condition was diagnosed as placental abruption, which caused extensive brain damage to Lauren, who now suffers from seizures and other physical and emotional problems. *Id.* Appellants essentially allege that Appellees failed to properly diagnose and treat Mrs. Flood, thereby increasing the risk and severity of harm to Lauren.

Appellees filed a motion for summary judgment, in which the Volunteer Fire Company and Silfies and Meckes claim that the action should be dismissed on the basis of immunity. Specifically, they allege that they are immune under Subchapter C of Chapter 85 of the Judicial Code, 42 Pa.C.S. §§ 8541–8564 (the PSTCA),[1] because the Volunteer Fire Company is a "local agency" under the PSTCA. The PSTCA grants "local agencies" and their employees immunity. Silfies and Meckes also claim that they are immune under the Emergency Medical Services Act, Act of July 3, 1985, P.L. 164, *as amended,* 35 P.S. §§ 6921–6938 (the EMSA), or the nonmedical good Samaritan civil immunity provision of 42 Pa.C.S. § 8332, because Appellants failed to plead the gross negligence required to overcome the immunity afforded under those provisions. By opinion and order dated December 8, 2006, the trial court granted Appellees' motion for summary judgment, concluding that Appellees are entitled to immunity under the PSTCA. Appellants appealed the matter to this Court.[2]

 On appeal,[3] Appellants argue that the trial court erred when it granted Ap-

---

1. Chapter 85 of the Judicial Code, 42 Pa.C.S. § 8501–8564, addresses "Matters Affecting Government Units." Subchapter C of Chapter 85 of the Judicial Code, 42 Pa.C.S. § 8541–8564, which addresses "Actions Against Local Parties," is commonly referred to by the unofficial name "Political Subdivision Tort Claims Act." We note that the name "Political Subdivision Tort Claims Act" was formerly the official title of the Act of November 26, 1978, P.L. 1399, *as amended,* formerly 53 P.S. § 5311.1101–5311.803, repealed by the Act of October 5, 1980, P.L. 693. If the cause of action arose after 1980, references to the Political Subdivision Tort Claims Act most likely refer to the Judicial Code and not to the repealed act. When used in this opinion, the Political Subdivision Tort Claims Act shall refer to the Judicial Code.

2. Appellants' appeal was initially filed with the Superior Court, and it was transferred to this Court on March 29, 2007.

3. When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an

pellees' motion for summary judgment based upon immunity where genuine issues of material fact exist as to whether the Volunteer Fire Company is a "local agency" for purposes of the PSTCA.

■ A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bronson v. Horn,* 830 A.2d 1092 (Pa.Cmwlth.2003), *affirmed,* 577 Pa. 653, 848 A.2d 917 (2004), *cert. denied,* 543 U.S. 944, 125 S.Ct. 369, 160 L.Ed.2d 257 (2004). The right to judgment must be clear and free from doubt. *Id.* In reviewing the granting of a motion for summary judgment, this Court must "view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied, sub nom., U.S. Healthcare Systems of Pennsylvania, Inc., v. Pennsylvania Hospital Insurance Company,* 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

Section 8541 of the PSTCA, relating to governmental immunity, provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." [4] 42 Pa.C.S. § 8541. Limited and narrow exceptions exist to the immunity granted by Section 8541 of the PSTCA.[5] *See* 42 Pa.C.S. § 8542. Section 8545 of the PSTCA, relating to official liability, further provides that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter." 42 Pa.C.S. § 8545.

In *Wilson v. Dravosburg Volunteer Fire Department No. 1,* 101 Pa.Cmwlth. 284, 516 A.2d 100 (1986), this Court unequivocally interpreted the term "local agency"

---

abuse of discretion. *See Wilson v. Ridgway Area School District,* 141 Pa.Cmwlth. 607, 596 A.2d 1161 (1991), *petition for allowance of appeal denied,* 530 Pa. 650, 607 A.2d 258 (1992).

4. A "local agency" is defined for purposes of the PSTCA as:

> A government unit other than the Commonwealth government. The term includes, but is not limited to, an intermediate unit; municipalities cooperating in the exercise or performance of governmental functions, powers or responsibilities under 53 Pa.C.S. Ch. 23 Subch. A (relating to intergovernmental cooperation); and councils of government and other entities created by two or more municipalities under 53 Pa.C.S. Ch. 23 Subch. A.

42 Pa.C.S. § 8501.

The general definitions section of the Judicial Code, which applies in the absence of further specific definitions, defines a government unit as, *inter alia,* any government agency.... 42 Pa.C.S. § 102. A government agency, in turn, is defined by the Judicial Code as [a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority. *Id.*

Although the Judicial Code does not define local authority, the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, does. It provides that the phrase local authority, [w]hen used in any statute finally enacted on or after January 1, 1975, means a municipal authority or any other body corporate and politic created by one or more political subdivisions pursuant to statute. 1 Pa.C.S. § 1991. The Judicial Code, including the PSTCA, was enacted after January 1, 1975. Therefore, this definition of "local authority" is applicable to the case at hand.

5. Appellants do not assert that any of the exceptions set forth in Section 8542 of the PSTCA apply to the instant matter.

under the PSTCA to include volunteer fire companies as a government unit entitled to immunity. In so doing, we recognized that volunteer fire companies, in the performance of public firefighting duties, exist as an entity acting on the behalf of local government units. *Wilson.* This conclusion was supported by the historical, structural relationship existing between volunteer fire companies and the local municipalities and the citizenry they serve. *Wilson.*

This Court reached a similar result in *Weaver v. Union City Volunteer Fire Department,* 102 Pa.Cmwlth. 298, 518 A.2d 7 (1986), wherein we considered whether a volunteer fire company was immune from liability under the PSTCA for damages to property that arose as a result of firefighting training exercises. We concluded that the Union City volunteer fire company was entitled to immunity under the PSTCA because its firefighting training exercise was within the scope of its public firefighting duties.

In *Guinn v. Alburtis Fire Company,* 531 Pa. 500, 502, 614 A.2d 218, 219 n. 2 (1992), our Supreme Court similarly stated that "a volunteer fire company created pursuant to relevant law and recognized as the official fire company for a political subdivision is a local agency." In *Guinn,* the Supreme Court expanded the immunity further than this Court had in *Weaver,* when it stated that volunteer fire companies are entitled to governmental immunity even when they are not engaged in fire-fighting activities. The Supreme Court concluded in *Guinn* that a volunteer fire company was entitled to governmental immunity for serving alcohol to an individual who was visibly in-

toxicated and thereafter was struck and injured by a motor vehicle when he was walking home.

Appellants argue that the Supreme Court's opinion in *Sphere Drake Insurance Company v. Philadelphia Gas Works,* 566 Pa. 541, 782 A.2d 510 (2001), changed the straight-forward analysis previously set forth in *Guinn.* In *Sphere Drake,* the Supreme Court considered whether a non-profit corporation, PFMC, incorporated by city officials to provide management services for a city-owned gas works provider, was a "local agency" entitled to immunity under the PSTCA. The trial court, relying upon our decision in *Modern Shoppers World Mt. Airy Corporation v. Philadelphia Gas Works,* 164 Pa.Cmwlth. 257, 643 A.2d 136 (en banc), *petition for allowance of appeal denied, sub nom., Granite State Insurance Company v. Philadelphia Gas Works,* 539 Pa. 683, 652 A.2d 1327 (1994),[6] concluded that PFMC was not a local agency for purposes of PSTCA immunity. We affirmed. The Supreme Court granted Philadelphia Gas Works' petition for allowance of appeal, and it considered the question of whether a non-profit corporation created by a political subdivision is immune from liability under the PSTCA. The Supreme Court rejected this Court's notion that PFMC's status as a non-profit corporation required that it be deemed not an agency of the city. Ultimately, the Supreme Court concluded that, pursuant to the plain language of the PSTCA, PFMC was entitled to governmental immunity.

The Supreme Court in *Sphere Drake* overruled our decision in *Modern Shoppers World,* opining that it was problemat-

---

6. In *Modern Shoppers World,* this Court held that PFMC, a nonprofit corporation charged with exclusive control, custody, operation, maintenance and repair of gas mains in the City of Philadelphia, was not "local govern-

ment agency" for purposes of local government immunity. *Modern Shoppers World* was overruled by the Supreme Court in *Sphere Drake.*

ic for several reasons. First and most importantly, the Supreme Court rejected this Court's conclusion in *Modern Shoppers World* that only "traditional units of government" fall within the meaning of "local authority." The Supreme Court noted that such a conclusion was squarely at odds with the actual definition of "local authority" contained in the Statutory Construction Act of 1972, the overall purpose of the PSTCA,[7] and with prior decisions of the Commonwealth Court which extended immunity to other non-profit corporations incorporated by a city or municipality.[8] The Supreme Court noted that to the extent that statutory construction beyond the plain meaning of the PSTCA need be considered at all, "it is the public control of an entity, its public function, and the effect on public administration and the public purse that is reflected in the definitional scheme" and that should guide a court in its judgment. *Sphere Drake*, 566 Pa. at 549, 782 A.2d at 515.

Thereafter, in *Christy v. Cranberry Volunteer Ambulance Corps, Inc.*, 579 Pa. 404, 856 A.2d 43 (2004), the Supreme Court reiterated the need for a multi-factorial approach as espoused in *Sphere Drake*. In *Christy*, the Supreme Court was "asked to determine whether a volunteer ambulance company is entitled to the benefit of local government immunity pursuant to the [PSTCA] when furnishing the same emergency medical services that an immune volunteer fire company provides." *Id.* at 406, 856 A.2d at 44. When analyzing the issue, the Supreme Court clearly stated that "[v]olunteer fire companies are local agencies for purposes of the [PSTCA]." *Id.* at 411, 856 A.2d at 47 (citing *Regester v. Longwood Ambulance*

Co., Inc.*, 751 A.2d 694 (Pa.Cmwlth.2000), *affirmed sub nom., Regester v. County of Chester*, 568 Pa. 410, 797 A.2d 898 (2002)). It explained that local agency status is accorded to volunteer fire companies because the duties performed by firefighters are of public character. The Supreme Court noted that "[f]or many years, ambulance companies have been treated differently than fire companies, with respect to immunity, resulting from the view that fire companies have a unique and distinguishing character and history." *Christy*, 579 Pa. at 411, 856 A.2d at 47. The Supreme Court then noted that the criteria for establishing local agency immunity changed as a result of its decision in *Sphere Drake*, which broadened the factors that must be analyzed in determining whether an entity is a local agency that enjoys immunity. The Supreme Court disagreed with this Court's conclusion that immunity of a non-profit ambulance company was governed by the EMSA, not the PSTCA. It remanded the matter to this Court, with instructions to remand the matter to the trial court for a determination of whether the volunteer ambulance company was a "local agency." The Supreme Court stated that:

[T]o determine whether Cranberry Ambulance is a 'local agency,' it will be necessary to determine if it is a non-profit corporation created by a political subdivision, thus meeting the definition of 'local authority' in the Statutory Construction Act. Further, Cranberry Ambulance's relationship with Cranberry Township must be analyzed to determine if its purpose is to carry out a civic

**7.** The overall purpose of the PSTCA is to limit governmental exposure to tort liability for its acts. *Sphere Drake*.

**8.** *See Rhoads v. Lancaster Parking Authority*, 103 Pa.Cmwlth. 303, 520 A.2d 122, *petition for allowance of appeal denied*, 515 Pa. 611, 529 A.2d 1084 (1987).

or political function of the Township.[9]

*Christy*, 579 Pa. at 420, 856 A.2d at 53.

Appellants argue that the Supreme Court's decisions in *Sphere Drake* and *Christy* establish that the Supreme Court will no longer apply a *per se* rule that bestows immunity on volunteer fire companies, or any other entity, based solely on the type of organization at issue. Instead, the entity must prove that there is an adequate connection between the company and the local government. Appellants look to the "non-exclusive list of criteria" that the Supreme Court directed the trial court to consider in *Christy*, and they argue that the trial court did not analyze any of these factors in granting Appellees' motion for summary judgment. They note the following: (1) Moore Township did not incorporate the Volunteer Fire Company, as it was incorporated in the 1960's by a group of firemen; (2) Moore Township has no control or input into the selection of the Board of Trustees or the officers; (3) Moore Township is not the sole source of income for the Volunteer Fire Company; (4) there is no indication that the assets of the company would vest in Moore Township upon dissolution; (5) there is no indication that members of the Volunteer Fire Company participate in benefits that would

otherwise be reserved exclusively for Township employees, although Moore Township pays the company's workers' compensation and automobile insurance premiums; and (6) the Volunteer Fire Company presented no evidence that the Township indemnifies and hold harmless its members, officers or trustees for liability arising from their duties with the company. Appellants state that because substantial questions of fact remain as to whether the Volunteer Fire Company is a "local agency," the order granting summary judgment should be reversed.

Appellees assert that the test for determining whether a volunteer fire company is entitled to immunity under the PSTCA was established in *Guinn*, and it was not modified or overruled by either *Sphere Drake* or *Christy*. In *Guinn*, the Supreme Court established that "a volunteer fire company created pursuant to relevant law and recognized as the official fire company for a political subdivision is a local agency." Appellants argue that uncontradicted evidence establishes that that the Volunteer Fire Company was formed pursuant to the law of the Commonwealth of Pennsylvania on or about July 7, 1962, and that it is legally recognized as the official fire company for Moore Township. Appellees state that because they have established

---

**9.** The Supreme Court instructed the trial court, on remand, to consider the following factors in order to determine whether the volunteer ambulance company was a local agency by virtue of its relations with the township:

Upon remand, in assessing if Cranberry Ambulance is a local agency for purposes of immunity under the [Political Subdivision] Tort Claims Act, the court's examination shall include, but not be limited to, determining whether: (1) there is confirmation of Cranberry Ambulance's status as a non-profit corporation; (2) the ambulance company was incorporated and created by a political subdivision; (3) Cranberry Ambulance assists Cranberry Township in meeting the needs of its citizens; (4) Cranberry

Township appoints the entity's Board of Directors; (5) Cranberry Township exercises substantial control over Cranberry Ambulance; (6) the entity's assets would vest in the Township, should the company be dissolved; (7) Cranberry Ambulance's employees participate in any Township benefit plans exclusively reserved to Township employees; (8) the ambulance company's sole source of income is the Township; and (9) the Township indemnifies and holds harmless employees and officers and directors of Cranberry Ambulance from claims and liabilities arising in connection with provision of services.

*Christy*, 579 Pa. at 421–22, 856 A.2d at 53–54 (footnote omitted).

that the Volunteer Fire Company is a local agency for purposes of the PSTCA, all of the Appellees are entitled to summary judgment.

We must agree with Appellees. The Supreme Court, in *Sphere Drake* did not change or overrule the test for determining whether a volunteer fire company is a "local agency." Rather, the only case overruled by *Sphere Drake* was *Modern Shoppers World.* The Supreme Court in *Sphere Drake* was examining the issue of whether an entity that had not traditionally provided a government function could be considered a "local agency" for purposes of immunity pursuant to the PSTCA, which is a situation entirely different than that involving a volunteer fire company. The Supreme Court in *Sphere Drake* concluded that an entity not traditionally considered as providing governmental functions could be immune depending on the facts. The decision did not signal that the Supreme Court intended to abolish immunity for entities, such as volunteer fire companies, that have traditionally provided services for the public and been granted immunity on such basis.

Additionally, the Supreme Court in *Christy* did not alter the analysis that must be applied to volunteer fire companies. In *Christy*, the Supreme Court focused on the issue of under what circumstances a volunteer ambulance company could be considered a "local agency." When considering the issue, the Supreme Court, by comparing the ambulance company at issue to an "immune volunteer fire company," presupposed that volunteer fire companies are immune pursuant to the PSCTA. Moreover, at the beginning of its

analysis in *Christy*, the Supreme Court clearly and unequivocally stated that "[v]olunteer fire companies are local agencies for purposes of the [PSTCA]." *Christy*, 579 Pa. at 411, 856 A.2d at 47. The Supreme Court cited *Guinn* in support and further discussed the unique status and history of volunteer fire companies and why this afforded them immunity. None of the language in *Christy* supports an interpretation that volunteer fire companies are also now subject to the test enunciated in *Sphere Drake* and *Christy*, nor can this be inferred given the Supreme Court's specific citation to *Guinn* and statement that volunteer fire companies are immune.

Hence, we must conclude that the trial court was correct in rejecting Appellants' argument that *Sphere Drake* and *Christy* somehow overruled *Guinn*, thereby requiring volunteer fire companies to prove more factors in order to be afforded immunity. Volunteer fire companies enjoy a unique status, and are afforded immunity if they meet the test set forth in *Guinn*. As the Volunteer Fire Company meets that test, the trial court properly granted Appellees' motion for summary judgment.

Accordingly, we must affirm the order of the trial court.[10]

### *ORDER*

AND NOW, this 2nd day of October, 2007, the order of the Court of Common Pleas of Northampton County is hereby affirmed.

---

**10.** In their motion for summary judgment, Silfies and Meckes assert that they also enjoy sovereign immunity under both Section 11 of the EMSA, 53 P.S. § 6931(j)(2), and 42 Pa. C.S. § 8332, which relates to "Nonmedical Good Samaritan Civil Immunity." As we have affirmed the trial court's granting of Appellees' motion for summary judgment based upon the PSTCA, we need not consider whether Silfies and Meckes are also immune under those statutory provisions.