**O'Brien v. Jaeger**

C.P. of Lehigh County, No. 2012-C-2070

*Clifford Haynes* and *James A. Wells*, for plaintiffs.
*Daniel L. Grill*, for defendants.

REIBMAN, *J.*, November 20, 2013—

I.

Plaintiffs seek recovery for alleged professional negligence in the rendering of surgery to plaintiff Kevin O'Brien's arm. Among the theories of recovery asserted is a claim that defendant Randy Jaeger, M.D. failed to obtain O'Brien's informed consent prior to performing the surgical procedure. More particularly, plaintiffs claim that Dr. Jaeger failed to apprise O'Brien both of the alternatives to the contemplated procedure as well as the risks presented by the surgery.

Defendants have moved for summary judgment on the informed-consent claim, contending that an executed form, entitled, "Authorization/Consent for Treatment" eliminates any genuine issue of material fact on the question of whether Dr. Jaeger communicated the necessary information to O'Brien. In response, plaintiffs argue that Dr. Jaeger incorrectly informed O'Brien about the risks of refusing surgery and thus affirmatively misinformed O'Brien about the alternatives. Further, plaintiffs maintain that although nerve injury was mentioned in the consent form, such information appeared in what they characterize as "boilerplate" language applicable to any procedure and was thus not sufficiently tailored to the risks specific to this surgery. Accordingly, they maintain that it remains for the finder of fact to decide the issue. As will be seen directly, plaintiffs have the better of the argument.

## II.

Summary judgment is appropriately reserved for those cases in which there exist "no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Sphere Drake Ins. v. Phila. Gas Works*, 782 A.2d 510, 512 (Pa. 2001). In applying this test, the court must view the record "in the light most favorable to the

non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Washington v. Baxter*, 719 A.2d 733, 736 (Pa. 1998). It is only when a case is "free and clear from doubt," that the moving party will be entitled to judgment as a matter of law. *See ibid.*

The common-law doctrine of informed consent has been codified at 40 P.S. §1303.504, which provides in pertinent part:

> (b) Description of procedure. — Consent is informed if the patient has been given a description of a procedure... and the risks and alternatives that a reasonably prudent patient would require to make an informed decision *as to that procedure*. The physician shall be entitled to present evidence of the description of *that procedure* and those risks and alternatives that a physician acting in accordance with accepted medical standards of medical practice would provide.

> (c) Expert testimony. — Expert testimony is required to determine whether the procedure constituted the type of procedure [for which informed consent is required]...and to identify the *risks of that procedure*, the alternatives *to that procedure* and the risks of these alternatives.

(Emphasis added.)

And as our Superior Court has observed in relation to the common law antecedent of the statutory provision: "The goal of the informed consent doctrine 'is to provide the patient with material information necessary to determine whether to proceed with the given procedure or to remain in the present condition.' *Nogowski v. Alemo-Hammad*,

456 Pa. Super. 750, 762, 691 A.2d 950, 957 (1997) (*en banc*)." *Bey v. Sacks*, 789 A.2d 232, 238 (Pa. Super. 2001).

### III.

In this matter, plaintiffs have alleged from the outset that Dr. Jaeger inaccurately advised O'Brien that a decision not to undergo surgery would result in a 30% loss of grip strength and that "such advice was inaccurate and failed to adequately describe the alternative of non-surgical treatment." (Amended Compl ¶40.) Plaintiffs have also produced a supplemental report by their expert, Steven R. Graboff, M.D., who opines that if, as O'Brien testified in deposition, Dr. Jaeger did inform his patient that "he would lose 30 % of his grip strength without the performance of biceps surgery[,] then he was given false and misleading information on which to base his decision to go forward with the surgery." (*See* Pl. Answer to Mot. Sum J. Ex. C.)

Without passing judgment on either the veracity of O'Brien's recollection or the medical validity of Dr. Graboff's assessment, it nonetheless cannot be gainsaid that an issue of material fact remains on the question of whether O'Brien was sufficiently apprised of the risks of forgoing surgery and remaining in his then-present condition. Quite obviously, an affirmative misrepresentation of the alternatives to surgery is at least as, if not more, harmful than a mere failure to inform. It, therefore, appropriately falls to the finder of fact to determine whether inadequate information was conveyed and whether receiving accurate information would have been a substantial factor in O'Brien's decision to undergo the surgery.

### IV.

Also persuasive is plaintiffs' argument that a genuine issue of fact exists on this record regarding whether the risks of the specific procedure were communicated to O'Brien. The amended complaint avers, among other things, that Dr. Jaeger failed "to adequately advise Mr. O'Brien of the risk that nerves in his right arm could be damaged during the course of the procedure" and that "he could experience permanent functional and sensory deficits." (Am. Comp. ¶40.) Although defendants rely on the consent form that O'Brien acknowledges having read and signed, plaintiffs' criticism of that document, as consisting of boilerplate language inadequate to the task of conveying the necessary information to one in O'Brien' shoes, is not without merit. Perusal of the document demonstrates that it cannot be said as a matter of law, so as to warrant summary judgment, that the form necessarily apprised O'Brien of the risks of the specific procedure as the statutory language mandates.

Specifically, the language upon which defendants rely states in pertinent part as follows:

[_____] (please initial) I understand that there is a remote risk of death or serious disability with any procedure. I understand that the following are some other risks that may occur and these risks may be of a temporary or permanent nature: pain, infection, scarring, tissue damage, poor healing, nerve and/or vascular injury, blood loss, blood clotting, swelling, bruising, stiffness, decreased motion and/or strength, failure of repair, no improvement, worsening of symptoms, need for revision or other additional surgery and the following risks associated with anesthesia: heart and/or respiratory failure, stroke, shock and/or medication reaction. The

following risks are specific to this procedure:

[blank]

---

(*See* Def. MSJ Ex. B.)

The litany of potential complications, ranging from death to medication-reaction, appearing in this paragraph might fairly be characterized, as plaintiffs suggest, as those applicable to "any procedure," which the first sentence seems to imply, rather than "that procedure" under specific contemplation by the patient. This interpretation is lent further credence by the pregnant omission appearing in the space reserved for risks "specific to this procedure" that appears at the end of the passage. If, as plaintiffs' expert opines, a patient in these circumstances should be informed of particularized risks including, *inter alia*," paralysis of the hand, wrist, fingers""and "loss of range of motion of the elbow" (*see* Pl. Answer to Mot. Sum J. Ex. C), a finder of fact could fairly conclude that this document failed of that purpose. Accordingly, it cannot be said as a matter of law that plaintiffs will be unable to prove the statutory elements at trial that are necessary to sustain a claim premised on a lack of informed consent. The motion for partial summary judgment seeking dismissal of this claim will, therefore, be denied.

## ORDER

And now, this 20th day of November, 2013, upon consideration of defendants' motion for partial summary judgment, filed on September 3, 2013, and Plaintiffs' response thereto, filed on October 3, 2013, and after argument held on November 20, 2013, and for the reasons

set forth in the accompanying opinion,

It is ordered that said motion is denied.